WILLIAMSON v. WILLIAMSON.

4-6567                                        158 S. W. 2d 264

Opinion delivered January 19, 1942.

*Triplett & Williamson,* for appellant.
*Murphy & Wood,* for appellee.

HUMPHREYS, J. This suit was brought by appellants in the Garland chancery court on the 31st day of August, 1940, against appellee to recover $5 per month which he had deducted from their share of rents which he had collected from the hotel and business houses situated on lots one (1) and two (2), block seventy-eight (78) of the United States Hot Springs Reservation, from 1934 to date of the institution of the suit, in the total sum of $375 and the additional sum of $25.97 he deducted from their share of rents under the claim that he had over-paid them that much in one of his monthly statements through error, alleging that the charge of $5 per month and the deduction thereof was in violation of the trust assumed by and imposed upon the appellee in a decree rendered in 1902 by said Garland chancery court wherein their mother, Frances G. Williamson, obtained a divorce from their father, C. S. Williamson, the appellee herein.

The prayer of the complaint was that the court declare said charges made against appellants, to be unauthorized and contrary to the provisions of said decree, and that appellee be required to account to appellants for such unauthorized charges and that they have a lien on appellee's interests in the rents from said property for the repayment of said unauthorized charges and that they have judgment for the unauthorized charges and the costs of the suit, and for other proper relief.

Appellee filed an answer admitting that he was appointed trustee in said decree to manage, control, rent and collect the rents from said property jointly for him-

self and his wife, her heirs, administrator or assigns during his life time; that during his administration of the trust he employed the Arkansas Trust Company to collect the rents and paid it $10 per month for its services, and charged one-half of the amount or $5 per month to appellants during a part of and after 1934 until the institution of this suit and that he deducted said amount from the share of the rents in the monthly statements he rendered them. He also stated that in one of the statements he made an error and gave them $25.97 more than he should have and afterwards deducted the excess payment from their share of the rents remitted to them.

The prayer of the answer was that the complaint be dismissed for the want of equity and that the court approve appellee's action in making the payments to the Arkansas Trust Company, for judgment against appellants and for the costs of this action, including a reasonable attorney's fee.

The cause was submitted to the court upon the issues joined in the pleadings and the testimony introduced by the respective parties resulting in a dismissal of appellants' complaint, except as to $25.97 for which he gave judgment against appellee in favor of appellants, and a judgment that each party pay his own costs, from which each party has prayed an appeal to this court from that part of the decree adverse to them.

In addition to quite a little oral testimony the case was tried upon an agreed statement of facts which included a history of all of the transactions between appellee and appellants' mother relating back to and including the decree of divorce in 1902 in which the property rights between appellee and appellants' mother were adjudged and fixed by the court and the transactions between appellee and appellants in the administration of the trust imposed upon appellee by the decree from and after the death of Frances G. Williamson, which occurred in 1923, up to the time this suit was instituted. The decree of 1902 was quite lengthy itself as a great deal of property was involved and described therein, and

said decree was attached to and made a part of the agreement of facts. It would consume much space to set out the agreement of facts in this opinion so we will only refer to and state the facts pertinent to the only question upon which appellants call upon this court for a decision, the question being whether or not appellee had the right to charge appellants with one-half of the $10 monthly charge he paid to the Arkansas Trust Company for collection of rents. In 1902, when the decree was rendered settling the property rights between appellee and his wife, Frances G. Williamson, the title to the property was vested absolutely in Frances G. Williamson, her heirs, executor, assigns or administrator, with a life estate in him of one-half of the net rents and profits and other property was vested in appellee. He was appointed as trustee to control, manage and collect the rents on said property. There are two paragraphs in said decree relating to the management and control of the property in question by appellee which are as follows:

"It is further considered, ordered and decreed that the defendant, C. S. Williamson, shall have the management and control of said property mentioned as being lots one and two in block seventy-eight, for the purpose of conducting and running the bath house, and for the purpose of renting out said hotel property thereon and other parts of the building thereon, except the said bath house, and of collecting rents therefor and making repairs, maintaining insurance and generally looking after said property as a trustee, for the benefit of himself and the parties plaintiff herein; and that he shall receive and be entitled to one-half of the net income and revenue derived therefrom for and during the term of his natural life as aforesaid; and that he shall account for the remainder to the said plaintiff, Fannie G. Williamson or her heirs, executors, administrators or assigns monthly. And this court reserves the right to supervise all his actions in the matter whenever requested by the plaintiff.

"It is further considered, ordered and decreed that the plaintiff, her heirs or assigns, shall have and obtain a lien upon the interest of the defendant in the rents and

profits of said property for the faithful performance of his trust. Said defendant shall have the power and privilege of leasing said hotel or other parts of said building as aforesaid, situated on lots 1 and 2 in block 78, except said bath house, for a term of not more than five years at any one time, on the best terms obtainable, to good tenants of financial responsibility, but not for any longer period without the written consent of the plaintiff indorsed on any such lease; that said defendant is hereby required to give his personal attention to the management of said property and to use the best of his ability in all things concerning the management of said property; to conduct the same in a careful and prudent manner without any charge therefor to said plaintiff or her share of the revenue of said property, exercising the utmost good faith and care for the protection of the interests of the plaintiff.''

In 1902, when appellee entered into the trusteeship under the decree, he took possession of the property and managed it and controlled it until 1904 at which time he moved to St. Louis from Hot Springs where he formerly resided and took up his residence and abode in that city. He was at that time removed as trustee and Mr. Martin was appointed in his place who administered the trust until 1915 at which time appellee resumed the management and control of the property under terms of the decree of 1902 and has continued to manage and control it since that time and is still in the management and control of it. Frances G. Williamson, his wife, died in 1923, and up to that time he made his monthly report to her; but after that time he made his monthly report to appellants herein who were the beneficiaries under the trust. He made no charge for the collection of the rents from the property either against his wife or against her heirs until 1934 at which time, over their protest, he charged them in his monthly report with $5 per month, this being one-half of the amount he paid the Arkansas Trust Company for collecting the rents. In 1934, appellants herein brought a suit to remove him as trustee, which appellants lost. After they failed to remove him, he began to make this charge of $5 per month against them and de-

ducted it each month, over their protest, saying to them when they protested that if they had any complaints to make they should go into the chancery court. They finally took him at his word and brought this suit to recover the alleged wrongful charge and deduction from their part of the rents.

We think the two clauses quoted above are plain and unambiguous and that they provide for him to manage and control the property and collect the rents therefor, etc., without any charge on his part for expenses incurred in collecting the rents. He so construed the clauses in the decree for the first two years he managed and controlled the property and for nineteen years after he assumed the management and control of the property and we do not think that he could, under the terms of the clauses, make the $5 charge against appellants from and after 1934. As stated above, we think the clauses clearly and unambiguously so provide and in addition, if there were any ambiguity at all in the clauses, his conduct in so construing them for nineteen years would clearly estop him from making such a claim after 1934.

Appellee cites authorities to the effect that a trustee has a right in the administration of a trust to charge reasonable amounts expended by him in the collection of rents, but those cases only apply where there is not a contract to the contrary. Here there was a contract to the contrary. The charges he expended for collecting the rents were reasonable in amount because the rents amounted to between $400 and $500 per month, but a trustee has no right to make even reasonable charges incidental to the collection of rents where the decree creating the trust provides otherwise. The decree is, therefore, reversed in so far as the court denied appellants' rights to recover the unwarranted and unauthorized charges made against them for the collection of rents and is remanded with direction to reinstate their complaint and render judgment in their favor for the amount of the unwarranted charges and deductions from the monthly statements he rendered them in addition to the $25.97 rendered in their favor heretofore referred to. We think that the chancellor correctly found that he had

not paid them that amount which he later deducted out of their part of the rents.

On the cross-appeal appellee contends that the court should have adjudged the costs against appellants instead of adjudging that each party pay his own costs. We do not think so, but, on the contrary, think all the costs should have been adjudged against appellee and on remand direct that the costs in the entire proceeding be adjudged against him.